CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JAH'SIR NA'IL JACKSON** | )<br>) |
| Plaintiff, | ) Case No. 7:25CV00538<br>) |
| v. | ) **OPINION**<br>) |
| **RED ONION STATE PRISON,** | ) JUDGE JAMES P. JONES<br>)<br>) |
| Defendant. | ) |

*Jah'sir Na'il Jackson, Pro Se Plaintiff.*

The plaintiff, an unrepresented Virginia inmate, filed this action under 42 U.S.C. § 1983, alleging that unspecified prison officials allowed other inmates to attack him and denied his access to medical care. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Jackson alleges in his Complaint that on an unspecified date, he was secured in his cell when an unnamed officer in the control booth permitted three inmates to enter the cell, where they beat and stabbed Jackson. Then, officers allowed the attackers to return to their cells. Jackson also claims that two unnamed floor officers denied his request for medical attention "to cover their tracks." Compl. 2, ECF No. 1. Jackson sues Red Onion State Prison (ROSP), seeking monetary damages and a transfer to another region.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This rule also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70 (citation omitted). Because ROSP is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983. Because Jackson's § 1983 claim cannot proceed against the only defendant he has named, I will summarily dismiss the action without prejudice under § 1997e(c)(1) as legally frivolous.

I will, however, give Jackson 30 days to file an Amended Complaint, naming person(s) as defendants and stating facts about what each defendant did or failed to do, personally, to violate Jackson's constitutional rights. Any Amended Complaint

should be accompanied by a motion seeking reinstatement of this case to the court's active docket.  If no such motion and Amended Complaint are filed within the allotted time, the case will remain closed.  In the alternative, Jackson may file his claims in a new and separate § 1983 action at any time, subject to the applicable statute of limitations, submission of the necessary financial information related to filing costs, and correction of the noted deficiencies in the Complaint.

      A separate Final Order will be entered herewith.

                          DATED:   November 17, 2025

                          /s/  JAMES P. JONES
                          Senior United States District Judge